OPINION of the Court, by
Judge Boyle.
This was an action of covenant by Gooch against Shackleford, upon an instrument under seal, by which Shackleford covenanted to warrant three negroes, which he sold to Gooch, to be sound and well, to the best of his knowledge. The breach assigned in the declaration is, that Rose, one of the negros so sold and warranted, was, at the time of sale, unsound, distempered, and wholly unfit for labor, within the knowledge of Shackleford. An issue was joined upon the plea of covenants performed j and on the trial Shackleford.offered to prove that Gooch, subsequently to the sale, had acknowledged that he knew at the time of entering into the contract the negro in question was unsound. But the testimony, being objected to on the part of Gooch, was rejected by the court, and not permitted to go to the jury. Shackle-ford excepted to the opinion of the court, and, a verdict and judgment being given against him, has prosecuted this appeal.
The question now to be decided by this court is, whether the evidence thus offered and rejected in the court below was admissible or not.
We are clearly of opinion that it was not admissible. The covenant was conclusive upon the parties, and neither ought to be permitted to enlarge or restrict its operations by parol proof. Parol evidence is sometimes admitted to explain, but never to contradict a deed. In the admission of explanatory evidence, the distinction must be observed between latent and patent ambiguities. In the former, the ambiguity arising from extraneous facts, may be explained by other facts dehors the deed ; but in the latter, the ambiguity appearing in the deed itself, admits of no explanation by any matter foreign t« the deed. But in the present case, there was no doubt or ambiguity in the covenant; and the evidence offered was in direct contravention of the plain and obvious import of its obligation.-Judgment affirmed.